OLIVER C. LYNAM,
Plaintiff,

*vs.*

ALBERT W. CLAYVILLE and DELLA R. CLAYVILLE, his wife,
Defendants.

*New Castle—January 10, 1957.*

*Clement C. Wood,* Wilmington, for plaintiff.

*Samuel Handloff,* Wilmington, for defendants.

MARVEL, Vice Chancellor: Plaintiff who is the owner of a 100 acre farm lying directly east of the public road leading from Christiana to Stanton in White Clay Creek Hundred, seeks injunctive relief against defendants' use of a right of way 26 feet wide which runs from defendants' land through plaintiff's to the above mentioned road.

Plaintiff's farm was deeded to him in 1887 by his father, James K. Lynam, who retained title to an additional 150 acres lying east of plaintiff's land and extending to the Christiana River. In order to provide access to his retained farm from the public road to the west, James K. Lynam had plaintiff's deed drafted so as to contain the following reservation:

> "Subject, however, to the free and uninterrupted right of the said James K. Lynam, his heirs and assigns, to the use forever of a lane or private road twenty six feet wide leading from said new division line through, upon and over the herein described lands and premises to the Wilmington and Christiana Turnpike Road."

Thereafter, in 1889 James K. Lynam disposed of his back farm of 150 acres and specifically conveyed to the grantee, his heirs and assigns the "* * * lane or private road * * *" referred to in plaintiff's deed. Since that date title to this back land has been transferred

many times, most recently (1929) to defendants, and the lane in question, while not referred to in all of the intervening deeds, is obviously an appurtenance to defendants' lands.

Plaintiff contends that in 1887 when James K. Lynam established the easement or right of way now in dispute for the benefit of land retained in his name, he must necessarily have intended that the use of such right of way should be confined to a carrying on of the farming operations then engaged in not only on his farms but on many others in the vicinity. Plaintiff argues that defendants' use of the contested right of way, which apparently consists of hauling garbage and other refuse over it to a dump operated by them near the Christiana River, was not contemplated at the time of the original Lynam grant, that such use imposes an undue burden on plaintiff's servient tract and furthermore that defendants' activities which allegedly result in split or discharged refuse and other waste along the right of way create an unwarranted hazard to plaintiff's effort to maintain his land as a dairy farm.

Plaintiff's prayers are that defendants be enjoined from using the lane in question except for farming purposes, that the easement be forfeited for misuse and that plaintiff be awarded damages, costs and counsel fees.

Defendants have moved to dismiss under Rule 12, *Del.C.Ann.* on the grounds that the complaint fails to state a claim upon which relief can be granted, contending that the easement here involved is by its terms unrestricted, that it has been used for diverse purposes unrelated to agriculture for many years and that plaintiff is guilty of laches.

It is implicit in plaintiff's case as now pleaded that changes occurring in the use of defendants' land since 1887 may not be accompanied by changes in the use of the easement. Admittedly an easement may be expressly limited as to use and duration but where the grant of an easement is unrestricted and express, such an unlimited

grant carries with it the right to unlimited reasonable use.[1] Changes in the use of land brought about by so-called progress necessarily result in changes in the uses made of unrestricted rights of way appurtenant to such land, at least where such easements are created by unlimited grant, *White v. Grand Hotel,* 1 *Ch.* [1913] 113; *Tong v. Feldman,* 152 *Md.* 398, 136 *A.* 822, 51 *A.L.R.* 1291; *Birdsey v. Kosienski,* 140 *Conn.* 403, 101 *A.2d* 274, *Vol.* 17, *American Jurisprudence, Easements,* § 96. I find nothing in *Richard Paul, Inc. v. Union Improvement Co.,* 33 *Del.Ch.* 115, 91 *A.2d* 49, inconsistent with this principle.

In my opinion plaintiff has failed to state a cause of action cognizable in this Court insofar as he seeks to enjoin defendants' use of their easement except for farming purposes. A fortiori plaintiff has no right to a decree of forfeiture. I am not satisfied, however, that plaintiff is foreclosed as a matter of law from seeking to prove that defendants' present use of their easement unreasonably burdens plaintiff's servient demesne and from establishing that his suit is timely.

Defendants' motion to dismiss is denied but plaintiff's proof at trial will be confined to the narrow issues above delineated.

Order on Notice.

---

1. Where on the other hand a grant has limited the use of a right of way to "teams of horses and wagons" and the like, another problem is presented. See *Annotation* 156 *A.L.R.* 1050.